IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MEREDYTH MORRIS,** | * |
| Plaintiff, | * |
| v. | *    Case No.: DLB-19-1213 |
| **SHELLPOINT MORTGAGE SERVICING,** *et al.*, | * |
| | * |
| Defendants. | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION AND ORDER**

After Meredyth Morris's real property was sold at a public auction, she initiated this litigation against NewRez, LLC, f/k/a New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing ("Shellpoint") and Mark S. Devan, Thomas P. Dore, Brian McNair, and the Alba Law Group, P.A. ("Substitute Trustees") in the Circuit Court for Charles County, alleging defendants wrongfully foreclosed on the property.[1] ECF 1-1. Shellpoint removed the case to this Court. ECF 1.

Shellpoint and the Substitute Trustees filed letter notices of intent to file motions to dismiss. ECF 11, 14. Ms. Morris filed a letter in response. ECF 21. The Honorable Paul W. Grimm, to whom the case originally was assigned, construed defendants' letters as informal motions and Ms. Morris's letter as an opposition, and he allowed both sides to supplement their filings. ECF 19. Defendants supplemented their filings; Ms. Morris did not. ECF 22, 23. Shellpoint also filed a

---

[1] Ms. Morris incorrectly identified defendant NewRez, LLC, f/k/a New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing as "Shellpoint Mortgage Servicing" and defendant Mark S. Devan as "Devan S. Mark." ECF 11, at 1 n.1; ECF 14, at 1 n.1. The Clerk shall correct the docket.

reply letter. ECF 24. A hearing is not necessary. *See* Loc. R. 105.6. I will dismiss Ms. Morris's complaint because *res judicata* bars her claims against Shellpoint and the Substitute Trustees.

**I.    Background**

On or about December 7, 2016, Ms. Morris obtained a mortgage loan against her property at 5 Leslie Drive, Indian Head, Maryland 20640 and signed a Deed of Trust with the original lender. ECF 1-1, ¶ 8; ECF 22-2. Ms. Morris eventually fell into arrears on the loan.

On June 28, 2018, Shellpoint, the mortgage servicer, initiated a foreclosure action in the Circuit Court for Charles County through counsel, Mark S. Devan, Thomas P. Dore, and Brian McNair of the Alba Law Group, P.A. *Id.* ¶¶ 7, 12; State Ct. Docket, ECF 22-1; *Devan v. Morris*, Case No. C-08-CV-18-000646 ("Foreclosure Action"). On October 12, 2018, Ms. Morris filed a letter addressed to the judge presiding over the Foreclosure Action asking "to be reconsidered for foreclosure mediation administrative hearing" and for the court to accept late payment of a filing fee. ECF 22-4. On January 24, 2019, substitute trustee Dore sent a "Notice of Impending Foreclosure Sale" to plaintiff's address in an envelope that stated, in bold, capitalized letters: "IMPORTANT NOTICE TO ALL OCCUPANTS: FORECLOSURE INFORMATION ENCLOSED. OPEN IMMEDIATELY." ECF 22-5, at 1–2. The notice stated the foreclosure sale would occur on February 12, 2019. *Id.* at 2. Also on January 24, 2019, Alba Law Group sent a letter to Ms. Morris, notifying her the foreclosure sale would occur on February 12, 2019. *Id.* at 8. Ms. Morris "received written correspondence . . . of the impending foreclosure sale" on February 8, 2019. ECF 21, at 2.

On February 12, 2019, the property sold at a public auction. ECF 22, at 1–2 n.1; ECF 21, at 1. On March 6, 2019, Dore filed an affidavit with the Court, attesting that he sent the notice of foreclosure to the occupants of the property, and he filed a certificate of service of the affidavit on

Ms. Morris. ECF 22-5, at 1, 4; ECF 22-1, at 7. On March 20, 2019, the state court docketed a pre-sale Certificate of Publication of Trustee's Sale. ECF 22-1, at 8.

On April 1, 2019, Ms. Morris filed a separate state-court action against defendants, alleging "wrongful foreclosure," negligence, and unfair business practices, and seeking quiet title and injunctive relief. ECF 1-1, at 1. Her ten-count complaint also includes claims titled "broken chain of title," "requirement of filing Forms 4490 and 56," "condition precedent – due process," "defendant violated federal dual tracking law," and "no notice of sale date given to plaintiff before sale." *Id.* at 8, 9, 13, 14. Ms. Morris claims defendants did not obtain title to the property from the original lender, did not give her proper notice of the foreclosure, "lied on numerous occasions," and pursued foreclosure while she sought a loan modification, such that she had "no chance to correct the arrears." ECF 1-1, ¶¶ 7, 8, 12–14, 32 44, 45. On April 25, 2019, Shellpoint removed the case to this Court. ECF 1.

The Foreclosure Action continued after Ms. Morris initiated suit against defendants. On April 5, 2019, the state court docketed a post-sale Certificate of Publication of Notice of Trustee's Sale. ECF 22-1, at 8. On May 2, 2019, the state court signed a final ratification of sale ("Ratification Order"). ECF 22-6. On May 3, 2019, the court entered the Ratification Order on the docket and mailed it to the parties. ECF 22-1, at 8. On May 16, 2019, Ms. Morris filed a letter in the Foreclosure Action raising "serious concerns" about the foreclosure sale, while at the same time acknowledging the Ratification Order "constituted the final judgment on the merits as to the validity of the foreclosure sale." ECF 23-2. In her letter, she acknowledged receiving notice of the foreclosure sale on February 8, 2019, but she claimed that Shellpoint deceived her into believing the sale had been cancelled and she would receive a loan modification. *Id.*

Defendants have moved to dismiss Ms. Morris's complaint on the grounds that *res judicata* bars her claims and because her complaint fails to state a claim. ECF 11, 14, 22–24.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss for failure to state a claim "tests the legal sufficiency of a complaint" and "should be granted unless the complaint 'states a plausible claim for relief.'" *In re Birmingham*, 846 F.3d 88, 92 (4th Cir.), *as amended* (Jan. 20, 2017) (quoting *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)); *see* Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the "complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). Stated differently, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)).

When resolving a motion to dismiss, the Court accepts the well-pleaded allegations as true. *See Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray*, 948 F.3d at 226 (quoting *Tobey*, 706 F.3d at 387). If the affirmative defense of *res judicata* "clearly appears on the face of the complaint," however, it may be raised as a basis for dismissal under Rule 12(b)(6). *See Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

## III. Discussion

Defendants assert that the claims in this action are barred by the doctrine of *res judicata* because they already have been resolved by the Maryland state court judgment in the Foreclosure

Action. Under these circumstances, this Court must give the "state-court judgment the same preclusive effect" that it would have under Maryland law. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Maryland law provides that *res judicata* bars a claim

> if (1) the parties in the present litigation are the same or in privity with the parties to the earlier action; (2) the claim in the current action is identical to the one determined in the prior adjudication; and (3) there was a final judgment on the merits in the previous action.

*Bank of N.Y. Mellon v. Georg*, 175 A.3d 720, 725 (Md. 2017) (quoting *Powell v. Breslin*, 59 A.3d 531, 538 (Md. 2013)). The defendant bears the burden of proof. *See Taylor v. Sturgell*, 553 U.S. 880, 907 (2008). The Court addresses each requirement in turn.

The first requirement—identity or privity of parties—is satisfied. Mr. Devan, Mr. Dore, and Mr. McNair were the plaintiffs in the Foreclosure Action; Ms. Morris was the defendant. Here, Ms. Morris is the plaintiff, and Mr. Devan, Mr. Dore, Mr. McNair, the Alba Law Group, P.A., and Shellpoint are the defendants. Alba Law Group—the law firm that employed Mr. Devan, Mr. Dore, and Mr. McNair—and Shellpoint, the mortgage servicer on whose behalf Mr. Devan, Mr. Dore, and Mr. McNair filed suit—are in privity with the state court plaintiffs, a fact Ms. Morris does not dispute. *See Jones v. Ward*, No. GJH-20-3225, 2021 WL 2861518, at *5 (D. Md. July 8, 2021) (concluding the substitute trustees were in privity with their law firm and the mortgage servicer that hired them to initiate the foreclosure action); *Womack v. Ward*, No. DKC-17-3634, 2018 WL 3729038, at *3 (D. Md. Aug. 6, 2018) (same), *aff'd*, 755 F. App'x 262 (4th Cir. 2019). Thus, for *res judicata* purposes, the parties are the same. *See Jones*, 2021 WL 2861518, at *5; *Womack*, 2018 WL 3729038, at *3.

The second requirement—identity of claims—is also satisfied. To determine whether a claim is identical, the Court considers "whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment."

5

*Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008) (quoting *Pittston Co. v. United States*, 199 F.3d 694, 704 (4th Cir. 1999)).  Under this "transactional approach," the state court judgment "is conclusive, not only as to all matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit."  *Bank of N.Y. Mellon*, 175 A.3d at 725, 751 (quoting *Powell*, 59 A.3d at 537–38).

"This Court consistently has held that *res judicata* bars collateral attack on foreclosure judgments" where the claims raised in a collateral attack could have been brought in the foreclosure litigation.  *Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 683 (D. Md. 2018) (citing, *e.g.*, *Prudencio v. Capital One, N.A.*, No. PWG-16-2693, 2016 WL 6947016, at *3 (D. Md. Nov. 28, 2016); *Jones v. HSBC Bank USA, N.A.*, No. RWT-09-2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011), *aff'd*, 444 F. App'x 640 (4th Cir. 2011); *Anyanwutaku v. Fleet Mortg. Grp., Inc.*, 85 F. Supp. 2d 566, 571 (D. Md. 2000)).  On this basis, this Court has barred litigation of claims of "wrongful foreclosure," federal debt collection law violations, due process violations, fraud, and negligence following state court foreclosure actions.  *E.g.*, *Proctor*, 289 F. Supp. 3d at 683; *Sikes v. Ward*, No. TDC-16-4108, 2017 WL 6055686, at *3 (D. Md. Dec. 6, 2017); *Prudencio*, 2016 WL 6947016, at *3; *Jones*, 2011 WL 382371, at *5.

In the Foreclosure Action, the state court determined the Substitute Trustees could foreclose on Ms. Morris's real property and ratified the foreclosure sale.  In this action, Ms. Morris challenges the propriety of the foreclosure sale, essentially arguing the Substitute Trustees should not have prevailed in the Foreclosure Action.  She asserts ten causes of action, claiming she did not receive proper notice of the foreclosure, she did not have a sufficient opportunity to make payments on her loan through a loan modification, and the foreclosure was procedurally deficient in other ways.  Ms. Morris could have raised these claims in the Foreclosure Action.  Because the

claims she asserts here plainly arise out of the same transaction as the claims resolved by the state court judgment ratifying the foreclosure sale, the claims are the same for purposes of *res judicata*.

The last requirement—a final judgment on the merits—is met. "When a state court finalizes a foreclosure after the plaintiff was given an opportunity to raise all objections to the foreclosure sale of [a] property, that adjudication is a final judgment on the merits." *McGhee v. JP Morgan Chase Bank, N.A.*, No. DKC-12-3072, 2013 WL 4495797, at *6 (D. Md. Aug. 20, 2013) (quoting *Capel v. Countrywide Home Loans*, Nos. WDQ-09-2374 & WDQ-09-2439, 2010 WL 457534, at *4 (D. Md. Feb. 3, 2010)). Thus, a "ratification of sale constitutes a final judgment for preclusion purposes." *Proctor*, 289 F. Supp. 3d at 684; *Graves v. OneWest Bank, FSB*, No. PWG-14-1995, 2015 WL 2452418, at *6 (D. Md. May 20, 2015), *recons. denied*, 2015 WL 6769115 (D. Md. Nov. 2, 2015), *aff'd*, 653 F. App'x 788 (4th Cir. 2016).

The state court entered the final order ratifying the foreclosure sale on May 2, 2019. ECF 22-1, at 8; ECF 22-6. The order stated that "the sale of the property . . . is hereby finally ratified and confirmed; no cause to the contrary having been shown, although due notice appears to have been given as prescribed by the previous Notice in said cause." ECF 22-6. That order constituted a final judgment on the merits.

Ms. Morris argues the Court should not dismiss her claims because she was prevented from opposing the foreclosure proceedings. She claims Shellpoint employees engaged in "deceptive" actions that prevented her from opposing the state court proceeding. ECF 21, at 1. She contends she "did not oppose . . . the Trustee sale or Circuit Court ratification" because Shellpoint employees misled her into believing that a loan modification was in progress, that the foreclosure sale would not happen, and/or that the ratification already occurred and she missed her opportunity to object. *Id.* Specifically, she claims an unidentified Shellpoint employee incorrectly informed her on

February 11, 2019 that the February 12 sale of her property would not be going forward and that a loan modification was in process. *Id.* at 2. Ms. Morris made the same or similar claims in her May 16, 2019 letter to the state court in the Foreclosure Action, which she filed two weeks after the foreclosure sale was ratified.

      Ms. Morris's claims that she was prevented from opposing the foreclosing proceedings are unpersuasive. As discussed above, she had notice of the Foreclosure Action, filed a request with the court in the Foreclosure Action months before the foreclosure sale, had ample opportunity to seek relief or clarification from the court about the status of the foreclosure sale, and even filed a letter with the Court objecting to the final order of ratification. Rather than filing a timely objection in the Foreclosure Action, Ms. Morris chose to contest the foreclosure by filing a separate lawsuit.

      Her claim that an unnamed Shellpoint employee misled her into believing the sale would not happen is inconsequential. Even if she were so misled, she does not explain why she did not timely assert a challenge to the foreclosure proceedings in the Foreclosure Action. Nor does she explain why she did not contact one of the four individuals identified as authorized to sell the property whose names, business address, and telephone number were in the Notice of Impending Foreclosure Sale. Ms. Morris also does not explain why she did not contact Alba Law Group, counsel for the Substitute Trustees who served her with notices and were counsel of record in the Foreclosure Action. Contrary to Ms. Morris's claims, there is no allegation or evidence that the parties or counsel in the Foreclosure Action employed fraud or deception to hide the Foreclosure Action from Ms. Morris or to keep her from challenging it. *See Green v. Ford Motor Credit Co.*, 828 A.2d 821, 831 (Md. Ct. Spec. App. 2003) (holding a final order may not qualify as a final judgment on the merits for res judicata purposes where fraud prevented the actual dispute from

being submitted to a fact finder); *see also Schwartz v. Merchants Mortg. Co.*, 322 A.2d 544, 547 (Md. 1974) (same).

Plaintiff's claims are barred by *res judicata*. The validity of the foreclosure sale was conclusively decided by the state court, and the state court judgment precludes adjudication of Ms. Morris's claims against Shellpoint and the Substitute Trustees in this Court.[2]  Because *res judicata* bars litigation of claims resolved by the state court judgment, dismissal with prejudice is appropriate. *See Okon v. Am. Servicing Co.*, No. GJH-15-2481, 2016 WL 4250252, at *4 (D. Md. Aug. 9, 2016) (concluding that, where *res judicata* barred the only claims over which the Court had jurisdiction, amendment would be futile and therefore dismissal with prejudice was appropriate); *see also US Airline Pilots Ass'n v. Awappa, LLC*, 615 F.3d 312, 320 (4th Cir. 2010) ("The district court does not abuse its discretion in denying leave when 'amendment would be futile,'" such as when amendment "would have no impact on the outcome of the motion to dismiss." (quoting *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001))). Defendants' motions are granted, and Ms. Morris's complaint is dismissed.

## ORDER

For the reasons stated in this memorandum opinion and order, it is, this 30th day of September, 2021, hereby ORDERED that

1. Defendants' motions to dismiss, ECF 11 and 14, are GRANTED;

2. Plaintiff's complaint is DISMISSED with prejudice; and

---

[2] In addition, plaintiff's due process claims in her fifth, seventh, eighth, and tenth counts are subject to dismissal for failure to state a claim because none of defendants is a state actor. *See Sikes v. Ward*, No. TDC-16-4108, 2017 WL 6055686, at *3 (D. Md. Dec. 6, 2017). Further, "wrongful foreclosure," her first count, is not a cause of action that Maryland law recognizes. *See Franklin v. BWW Law Grp., LLC*, No. DKC-16-455, 2016 WL 2756576, at *6 n.4 (D. Md. May 12, 2016) ("Plaintiff cannot assert a claim for 'wrongful foreclosure' because no such cause of action exists under Maryland law.").

3. The Clerk SHALL CLOSE this case.

                                                       Deborah L. Boardman
                                                       United States District Judge